******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WIL Y. ZAVALA, JR. *v.* OFFICE OF ADULT
PROBATION ET AL.
(AC 34082)

Beach, Sheldon and West, Js.

*Argued October 30, 2014—officially released November 10, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Andrew B. Bowman*, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney,
with whom, on the brief, were *David I. Cohen*, state's
attorney, and *Richard K. Greenalch, Jr.*, special deputy
assistant state's attorney, for the appellees
(respondents).

*Opinion*

PER CURIAM. The petitioner, Wil Y. Zavala, Jr., appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. We reverse the judgment of the habeas court and remand the case for further proceedings.

In 2008, the petitioner pleaded guilty to two counts of burglary in the third degree and one count of assault in the second degree and was sentenced to concurrent terms of five years incarceration, execution suspended, and three years probation. With regard to a separate incident, the defendant pleaded guilty in 2009 to assault in the third degree and was sentenced to a term of one year incarceration, execution suspended, and two years probation.

The petitioner thereafter filed a petition for a writ of habeas corpus alleging ineffective assistance of counsel on the part of the attorney who had represented him at the 2008 and 2009 plea proceedings. He alleged that the attorney had failed to advise him that his guilty pleas would subject him to mandatory deportation from the United States, where he was a lawful permanent resident, to his native country of Guatemala. In denying the petition, on the ground of failure to establish the prejudice prong of an ineffective assistance of counsel claim under *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the habeas court applied the standard for determining prejudice set forth in *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 151–157, 662 A.2d 178 (1995). Upon reaching that conclusion, the habeas court did not decide whether the petitioner had established the performance prong of ineffective assistance of counsel. The habeas court granted certification to appeal, and this appeal followed.

Following oral argument in this court, we stayed the appeal pending our Supreme Court's decision in *Carraway* v. *Commissioner of Correction*, 317 Conn. 594,    A.3d    (2015). In *Carraway*, the Supreme Court held that the prejudice standard enunciated in *Copas* had been overruled sub silentio. Id., 596. Following the release of the decision in *Carraway*, we ordered the parties to submit supplemental briefs on the applicability of that case to this appeal. In his supplemental brief, the petitioner argues that the present case should be remanded to the habeas court for further proceedings in which the issue of prejudice can be determined by application of the standard enunciated in *Carraway* and *Hill* v. *Lockhart*, 474 U.S. 52, 196 S. Ct. 366, 88 L. Ed. 2d 203 (1985).[1] The respondents[2] do not disagree, nor do we. The habeas court applied the prejudice standard stated in *Copas*. Subsequent to that decision, the Supreme Court in *Carraway* held that *Copas* had been overruled and was no longer applicable.[3]

The judgment is reversed and the case is remanded to the habeas court for further proceedings according to law.

[1] Nothing in this opinion prevents the habeas court from reaching the performance prong. See, e.g., *Roberts* v. *Commissioner of Correction*, 155 Conn. App. 360, 363, 109 A.3d 956 (2015) (to prevail on claim of ineffective assistance of counsel, petitioner must prove both deficient performance and prejudice; habeas court can find against petitioner on either ground), cert. denied, 316 Conn. 902, 111 A.3d 470 (2015).

[2] The respondents are the Office of Adult Probation of the Court Support Services Division and the Superior Court, judicial district of Stamford-Norwalk, geographical area number one.

[3] In *Copas* v. *Commissioner of Correction*, supra, 234 Conn. 151, the court stated that in order to prove prejudice caused by the ineffective assistance of counsel in the context of a guilty plea, a petitioner was required to show that, had counsel performed effectively, he would not have pleaded guilty and he would likely have been successful at trial. In *Carraway*, the court recognized that a petitioner need only prove, as to prejudice, that, had he received effective assistance, he would likely not have pleaded guilty but would have proceeded to trial. *Carraway* v. *Commissioner of Correction*, supra, 317 Conn. 600.